IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MALYOVITSA MARITIME, LTD., as owner of the M/V MALYOVITSA, <br><br> Plaintiff, <br><br> v. <br><br> ARCELORMITTAL MEXICO SA de CV, and ARCELORMITTAL CALVERT, LLC, *in personam,* and 2,096 Prime Steel Slabs aboard M/V MALYOVITSA, *in rem,* <br><br> Defendants. | CASE NO. 1:20-cv-00564 <br><br> **IN ADMIRALTY** |

**VERIFIED COMPLAINT UNDER RULE C OF THE
SUPPLEMENTAL RULES APPLICABLE TO ADMIRALTY**

Plaintiff, MALYOVITSA MARITIME, LTD. (hereinafter "MML"), files this Verified Complaint against the Defendants, ARCELORMITTAL MEXICO SA de CV, and ARCELORMITTAL CALVERT, LLC, (hereinafter "ARCELORMITTAL"), *in personam,* and 2,096 Prime Steel Slabs aboard M/V MALYOVITSA, *in rem,* in a cause, civil and maritime, for the recovery of losses resulting from ARCELORMITTAL's breach of a Charter Party with MML by failing to pay hire pursuant to the terms of said Charter Party. MML alleges on information and belief as follows:

### PARTIES

1. At all times hereinafter mentioned, Plaintiff, MML, was and is in the business of ship ownership with its principal place of business in Navibulgar House, Primorski 1, 9000 Varna, Bulgaria. MML is the registered owner of the M/V MALYOVITSA, IMO No. 9835795.

{05684013.1}

2. At all times hereinafter mentioned, Defendant, ARCELORMITTAL MEXICO SA de CV, was and is a Mexican corporation with its principal place of business in Lazaro Cardenas, Michoacan, Mexico.

3. At all times hereinafter mentioned, Defendant, ARCELORMITTAL CALVERT, LLC, was and is an Alabama limited liability company with its principal place of business at 1 AM/NS Way, Calvert, Alabama 36513.

4. The *in rem* Defendant, 2.096 Prime Steel Slabs (the "Cargo"), is carried aboard the M/V MALYOVITSA, a bulk carrier sailing under the flag of Malta. The Cargo's consignee is Defendant ARCELORMITTAL CALVERT, LLC.

## JURISDICTION AND VENUE

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the *Federal Rules of Civil Procedure*. Jurisdiction is founded upon Section 1333 of Title 28, United States Code.

6. Subject matter jurisdiction, alternatively, is based upon 28 U.S.C. § 1332, inasmuch as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as ARCELORMITTAL CALVERT, LLC is located in this District and MML seeks to arrest the Cargo in this District.

## FACTUAL ALLEGATIONS

8. On or about October 19, 2020, ArcelorMittal Logistics Belgium NV, as agents for and on behalf of ArcelorMittal Group Companies, entered into a Charter Party with Navigation

Maritime Bulgare ("NMB"), as Ship Manager/Commercial Manager of multiple vessels, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

7. Clause 35 of said Charter Party provides, in pertinent part:

> 100% Freight is deemed earned on signing bills of lading and non returnable cargo lost or not lost. Charterers/Shippers have the right to deduct from the freight payment the address commission as per Part I – Box 20.
>
> The Master has to sign the Congen or Conline Bills of Lading stating 'Freight payable as per CP or freight prepaid', but Charterers/Shippers to remain responsible for full freight payment.
>
> Charterers/Shippers will remit freight within 6 (six) banking days after signing and releasing of the bills of lading and receipt of freight invoice in Owners bank account as laid out in Owners freight invoice based on a fax or scanned copy of the invoice.

8. By fixture recap dated October 20, 2020, which directly references the parties' Charter Party dated October 19, 2020, NMB nominated the M/V MALYOVITSA to carry a cargo of a minimum of 44,000 metric tons of steel slabs from Lazaro Cardenas, Mexico to Mobile, Alabama. A copy of the fixture recap is attached hereto as Exhibit "B" and incorporated herein by reference.

9. Clause 15 of the fixture recap provides, in pertinent part: "Freight: US$ 12.00 per metric ton."

10. The Cargo was loaded aboard the M/V MALYOVITSA at the port of Lazaro, Mexico on November 3, 2020, as evidenced by three (3) Bills of Lading signed by MEXSHIPPING AGENCIA SA de CV, as agent for and on behalf of the Master of the M/V MALYOVITSA.

11. Bill of Lading No. 1 evidenced the loading of 924 slabs with a total weight of 19,809.375 metric tons. A copy of Bill of Lading No. 1 is attached hereto as Exhibit "C" and incorporated herein by reference.

12. Bill of Lading No. 2 evidenced the loading of 154 slabs with a total weight of 3,043.983 metric tons. A copy of Bill of Lading No. 2 is attached hereto as Exhibit "D" and incorporated herein by reference.

13. Bill of Lading No. 3 evidenced the loading of 1,018 slabs with a total weight of 21,015.903 metric tons. A copy of Bill of Lading No. 3 is attached hereto as Exhibit "E" and incorporated herein by reference.

14. On November 4, 2020, NMB, as agent for MML, issued an invoice for the carriage of 44,000 metric tons of steel slabs pursuant to the above-referenced Bills of Lading to ARCELORMITTAL MEXICO SA de CV, as Shipper of the Cargo. (*See* email correspondence attached hereto as Exhibit "F" and incorporated herein by reference.)

15. On the same day, Erman Artan responded on behalf of ArcelorMittal Shipping, acknowledging receipt of the invoice and requesting that the invoice be addressed to the Consignee of the Cargo, ARCELORMITTAL CALVERT, LLC. (*See id.*)

16. Boris Shabarkov of the Chartering Department of NMB responded on the same day, indicating that, in order to change the invoice, an addendum would need to be added to the Charter Party naming the new party and guaranteeing the performance of its obligations. (*See id.*)

17. The addendum to the Charter Party read as follows:

In regards to the above captioned contract dated 19th October, 2020 concluded by and between ArcelorMittal Mexico SA de CV as the Charterer and Malyovitsa Maritime Ltd, Marshall Islands as the Owner, the parties mutually agree that

> Charterers has the option to declare a guaranteed nominee as a counter party to this charter party.
>
> Charterers herewith nominate ArcelorMittal Calvert | Alabama | 1 AM/NS Way | Calvert, AL 36513 | USA as a counter party and guarantee their performance.

(*See id.*)  Erman Artan confirmed acceptance of the addendum of behalf of ArcelorMittal Shipping on the same day. (*See id.*)

18. Thereafter, on November 4, 2020, MALYOVITSA MARITIME, LTD. issued its invoice no. 376/004V/01 (the "Invoice") to ArcelorMittal Calvert. The Invoice is attached hereto as Exhibit "G" and incorporated herein by reference. The Invoice charged $528,000.00 for 44,000 metric tons at $12.00/ton, and deducted the 2.5% address commission of $13,200.00 pursuant to Clause 35 of the Charter Party, for a total invoice of $514,800.00. (*See id.*)

19. That same day, Erman Artan, on behalf of ArcelorMittal Shipping, sent an email to NMB regarding the "revised Freight Invoice," stating: "We confirm receipt and it is in order." (*See* email correspondence attached hereto as Exhibit "H" and incorporated herein by reference.)

20. To date, ARCELORMITTAL has failed to remit payment in full for the Freight as stated in the Invoice, and as a result is in breach of the Charter Party.

21. The Charter Party includes the following Lien Clause at Clause 8: "Owners shall have a lien on the cargo for freight." (Ex. "A".)

## COUNT ONE
## BREACH OF MARITIME CONTRACT

22. Plaintiff incorporates the allegations in paragraphs 1-21 as if fully set forth herein.

23. The Charter Party dated October 19, 2020 (Ex. "A") is a valid and enforceable maritime contract.

24. The fixture recap (Ex. "B") incorporates the Charter Party by reference and binds the parties thereto to a voyage charter of the M/V MALYOVITSA to carry a minimum of 44,000

metric tons of steel slabs from Lazaro Cardenas, Mexico to Mobile, Alabama for $12.00/metric ton.

25.   The Bills of Lading (Exs. "C," "D," and "E") evidence the loading of approximately 44,000 metric tons of steel slabs aboard the M/V MALYOVITSA on behalf of ARCELORMITTAL on November 3, 2020.

26.   The Charter Party was amended to add the Consignee, ARCELORMITTAL CALVERT, LLC, as a counter party for payment of Freight.

27.   The Invoice in the amount of $514,800.00 was issued to ARCELORMITTAL CALVERT, LLC for payment on November 4, 2020. Pursuant to the terms of the Charter Party, payment of Freight was due no later than November 12, 2020.

28.   Defendant ARCELORMITTAL MEXICO SA de CV is a guarantor of ARCELORMITTAL CALVERT, LLC's payment obligations under the Charter Party.

29.   MALYOVITSA MARITIME, LTD has fully performed under the terms of the Charter Party.

30.   Both ARCELORMITTAL Defendants are in breach of the Charter Party for failure to make payment of Freight pursuant to its terms.

31.   MALYOVITSA MARITIME, LTD has suffered damages as a result of Defendants' breach in the amount of $514,800.00, plus costs, demurrage, interest, and attorney fees.

## COUNT TWO
### *IN REM* PROCEEDING FOR MARITIME ARREST UNDER RULE C

32.   Plaintiff incorporates the allegations in paragraphs 1-31 as if fully set forth herein.

33.   Clause 8 of the Charter Party provides MML a maritime lien on the Cargo for freight and demurrage.

34. Pursuant to the Charter Party and Rule C of the *Supplemental Rules for Certain Admiralty and Maritime Claims* of the *Federal Rules of Civil Procedure*, MML is entitled to arrest the Cargo aboard the M/V MALYOVITSA to enforce its maritime lien.

WHEREFORE, the premises considered, plaintiff MML prays as follows:

A. That process in due form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction, may issue against the said Defendants herein, requiring Defendants to answer all and singular the allegations in this Verified Complaint, failing which a default judgment be entered against Defendants in the sum of $514,800.00;

B. That this Court issue an order directing the Clerk of Court to issue Process of Maritime Arrest, pursuant to Rule C of the *Supplemental Rules for Certain Admiralty and Maritime Claims,* arresting 2,096 Prime Steel Slabs aboard the M/V MALYOVITSA to pay the demands and claims aforesaid, with interest and costs, and to pay any and all other amounts required to be paid to the Plaintiff; and

C. That this Court award Plaintiff such other, further and different relief as the Court deems just, proper and equitable.

Respectfully submitted this the 24th day of November, 2020.

/s/ *Jaime W. Betbeze*
Jaime W. Betbeze          (BETBJ5982)
Thomas E. Sharpe
*jbetbeze@maynardcooper.com*
*tsharpe@maynardcooper.com*

Attorneys for Plaintiff
MALYOVITSA MARITIME, LTD,
as owner of the M/V MALYOVITSA

OF COUNSEL
MAYNARD, COOPER & GALE, P.C.
RSA Battle House Tower
11 North Water Street, Suite 24290
Mobile, Alabama  36602
(t) 251.432.0001
(f) 251.432.0007

**Exhibits:**
A –Charter Party
B – Fixture Recap
C – Bill of Lading No. 1
D – Bill of Lading No. 2
E – Bill of Lading No. 3
F – E-mail correspondence
G – Invoice
H - E-mail correspondence

## VERIFICATION

STATE OF ALABAMA

COUNTY OF MOBILE

COMES NOW before the undersigned authority in and for said County and State Jaime W. Betbeze, who, first being duly sworn, does depose and say as follows:

My name is Jaime W. Betbeze, and I am an adult resident of Mobile County, Alabama. I am a Shareholder in the law firm of Maynard, Cooper & Gale, P.C. My firm and I represent the Plaintiff, Malyovitsa Maritime, Ltd.

Malyovitsa Maritime, Ltd. is not located within this District, nor does it have a corporate officer in the District to make this Verification. There, as attorney-in-fact for Plaintiff, I make this Verification and attest that the information in this Complaint is true and correct based on personal knowledge and/or information and belief as supported by the representations made to me by my client, documents, and information reviewed by me. I further confirm that I am authorized to act and make this Verification on behalf of Malyovitsa Maritime, Ltd.. L.R. 104 E(c).

Further affiant sayeth not.

_____
Jaime W. Betbeze
Attorney-in-Fact for Plaintiff
Malyovitsa Maritime, Ltd.

SWORN TO and subscribed before me
this 24th day of November, 2020.

_____
Notary Public
My commission expires: 08/10/2024